UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| ELLEN PHILLIPS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:19-CV-69-HBG |
| | ) | |
| WALMART, INC., and WAL-MART STORES EAST, LP, | ) | |
| | ) | |
| Defendants. | ) | |

# **ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636(c), Rule 73 of the Federal Rules of Civil Procedure, and the consent of the parties, for all further proceedings, including entry of judgment [Doc. 14].

Now before the Court is an Amended Motion to Withdraw as Plaintiff's Counsel [Doc. 19], filed by Attorney Hugh Ward, Jr. The Motion requests that Attorney Ward and his law firm be permitted to withdraw from representing Plaintiff in this matter because the attorney-client relationship is untenable. The Motion states that defense counsel has been advised of the request to withdraw. Further, the Motion provides Plaintiff's current address and telephone number, and Attorney Ward states that he mailed Plaintiff a copy of the Motion on June 25, 2019. Attorney Ward states that he received a text message from Plaintiff demanding cessation of further communication.

Pursuant to Local Rule 83.4, in order to withdraw from a case, an attorney must do the following:

> (1) File a motion with the Court requesting permission to withdraw as counsel of record;
>
> (2) Include in the motion the current mailing address and telephone number of the client;
>
> (3) Unless the motion is signed by both the attorney and the client or a consent to the withdrawal signed by the client is attached to the motion, provide a copy of the motion to the client at least 14 days prior to the date the motion is filed;
>
> (4) If a hearing date on the motion is set, certify in writing to the Court that the client was served at least 7 days before the hearing with notice (i) of the date, time, and place of hearing and (ii) that the client as a right to appear and be heard on the motion; and
>
> (5) Certify to the Court that the above requirements have been met.

The Court finds that Attorney Ward's Motion to Withdraw [**Doc. 19**] complies with the Local Rules, and therefore, the same is **GRANTED**. The Court expects Attorney Ward to provide copies of any relevant documents to any future counsel for Plaintiff or directly to Plaintiff upon request. Attorney Ward and his firm, Young Williams & Ward, P.C., are **RELIEVED** of their duties as counsel in this case.

Plaintiff is hereby **ADMONISHED** that she is **DEEMED** to be proceeding pro se. Until she obtains substitute counsel, it is her obligation to stay up to date on the status of this case and comply with the deadlines set by the Court. Likewise, if she elects to proceed in this case without an attorney, she is responsible for complying with all deadlines set by the Court and responding to any requests for relief by other parties, *see* E.D. Tenn. L.R. 7.1. Plaintiff, like any other party, will be expected to comply with the Federal Rules of Civil Procedure, the Local Rules, and the Court's

Orders. The Clerk of Court is **DIRECTED** to mail a copy of this Memorandum and Order to the Plaintiff at the address provided in the Motion to Withdraw and to update ECF accordingly.

**IT IS SO ORDERED.**

ENTER:

_____
United States Magistrate Judge